IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF GRAND FAMOUS SHIPPING LTD. | § | |
| AND BEIKUN SHIPPING TIANJIN CO., | § | C.A. NO. 4:18-cv-_____ |
| LTD. AS OWNER AND OWNER *PRO HAC* | § | Rule 9(h) - Admiralty |
| *VICE* OF THE M/V YOCHOW FOR | § | |
| EXONERATION FROM AND/OR | § | |
| LIMITATION OF LIABILITY | § | |

**VERIFIED COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

TO THE COURT:

COME NOW Grand Famous Shipping Ltd. and Beikun Shipping Tianjin Co., Ltd., as owner and owner *pro hac vice* of the M/V YOCHOW, respectively (herein "Petitioners"), seeking exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*. ("the Act"), and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Supplemental Admiralty Rules"), and respectfully would show:

**I.**

**JURISDICTION AND VENUE**

1.  This is an admiralty and maritime claim, so this Court has jurisdiction of the case under 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h).

2.  Venue is proper in this Court under Supplemental Admiralty Rule F(9) as there is a lawsuit pending in this Court where the M/V YOCHOW was arrested and attached. The cause number and style of the case is *OSG 243, LLC, et al. V. M/V YOCHOW, et al.*, being C.A. No. 4:18-cv-2046. The case is pending before Judge Keith Ellison. Another related claim has been filed in this

Court. That case is C.A. No. 4:18-cv-2685, styled *Cormier v. TPC Group, Inc.* The case was assigned to Judge Nancy Atlas, but the *Cormier* case has now been consolidated into the *OSG* case.

## II.

## **PETITIONERS**

3.  At all material times, Grand Famous Shipping Ltd. ("GFSL") was and still is the registered owner of the M/V YOCHOW, a Hong Kong flagged and registered vessel of 21,538 gross tons, IMO No. 9728394.[1] As the registered owner of the ship, GFSL can bring this action under the Act.

4.  At all times relevant, Beikun Shipping Tianjin Co., Ltd. ("BK Shipping") was and still is the owner *pro hac vice* of the M/V YOCHOW by virtue of being the stated "manager" of the ship under a Management Agreement between GFSL and BK Shipping. Under the Management Agreement, BK Shipping assumes a wide range of duties and responsibilities, as detailed in the agreement,[2] including but not limited to: (1) establishing and implementing a Safety Management System, (2) establishing and implementing a vessel safeguard plan, (3) overall routine maintenance, (4) International Safety Management ("ISM") and International Ship and Port Facility Security Code ("ISPS") compliance, (5) crew allocation, selection, management, interviews, technical training, and SMS education, (6) safety and pollution prevention, (7) keeping the owner informed of major events, (8) various issues related to marine management, (9) various issues related to machinery management, (10) various issues related to system management, (11) various issues related to certificate

---

[1]   *See* Ex. 1 attached, which is a true and correct copy of the Ship's Particulars.

[2]   *See* Ex. 2 attached, which is a true and correct copy of the translated Management Agreement with the translator's certificates. The duties and responsibilities of BK Shipping set forth in the agreement are incorporated herein by reference.

management; (12) establishing and executing a repair plan, a purchasing plan for spare parts, fuel, lubricants and materials, and a budget for these, and (13) various aspects of insurance management. As owner *pro hac vice*, BK Shipping can bring this action under the Act. *In re M/V SEABOARD SPIRIT*, 2014 U.S. Dist. LEXIS 100287 (S.D. Fla. 2014), citing *In re Chesapeake Shipping*, 803 F.Supp. 872, 873-74 (S.D.N.Y. 1992).

### III.

### THE M/V YOCHOW

5.     The M/V YOCHOW is a single engine, ocean going bulk carrier that was built at the Namura Shipbuilding Co., Ltd. in Japan, and delivered into service on April 28, 2015. The ship is 179.986 meters in length and 30.0 meters in breadth. The classification society for the ship is Nippon Kaui Kyokai ("ClassNK").[3] The ship was at all times relevant in class, and the Petitioners exercised due diligence to make and maintain the ship in all respects seaworthy. Further to the foregoing, the ship was and is in all respects seaworthy, was and is in good order and condition, and was and is in all respects fit and suitable for the service in which the YOCHOW was and is engaged, which was and still is blue water shipping.

### IV.

### BACKGROUND

6.     The M/V YOCHOW was under long term New York Produce Exchange time charter from GFSL to China Navigation Co. Pte. Ltd. ("China Navigation"). For the subject voyage, China Navigation sub-chartered the vessel to Daiichi Chuo Kisen Kaisha on or about April 6, 2018, to carry a cargo of steel products from Wakayama, Japan to Veracruz, Mexico, and ultimately Houston, which

---

[3]     *See* Ex. 1 attached.

was the final discharge port. The M/V YOCHOW set sail from Wakayama, Japan at 1548 hours local time Japan on April 22, 2018, and berthed at Houston City Dock 17 at 0530 hours local time Houston on June 13, 2018, which was the end of the voyage.

7. On the early morning of June 13, 2018, the M/V YOCHOW was inbound in the Houston Ship Channel under the Pilotage of Houston Pilot William Ewing. In the area of the Sims Bayou turning basin, the helmsman steered the ship hard to port. The M/V YOCHOW subsequently made contact with the OSG 243 barge, which was berthed at the TPC "A" dock. As a result of the incident, it is claimed that the barge OSG 243 and TPC "A" dock were damaged. An SGS surveyor, Wilbert Cormier, claims to have been at the dock and injured in the incident.

8. The incident and any damages and injuries arising from it, related to it, or caused or contributed by it, occurred without the privity or knowledge of the Petitioners. Rather, the incident and any damages or injuries arising out of or resulting from it are due to or caused by the fault, negligence or lack of care or diligence of others for whom Petitioners are not responsible.

V.

**CLAIMS AND POTENTIAL CLAIMS**

9. Petitioners have a reasonable basis to believe that claims will be asserted and prosecuted against them in sums exceeding the legal amount, if any, that Petitioners may be required to pay under the Limitation of Liability Act. As of the filing of this action, Petitioners are aware of at least two separate lawsuits that have been filed related to the incident described herein: (1) *OSG 243, LLC, et al. V. M/V YOCHOW, et al.*, being C.A. No. 4:18-cv-2046, which is the first filed action that is pending before Judge Keith Ellison, and (2) C.A. No. 4:18-cv-2685, styled *Cormier v. TPC*

*Group, Inc.*, a case that was assigned to Judge Nancy Atlas, but has now been consolidated into the *OSG* case.

## VI.

## PETITIONERS CLAIM FOR LIMITATION

10.    Petitioners invoke all of the benefits and protections of the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and any acts, regulations or rules that supplement the Act, including Supplemental Admiralty Rule F. Should it appear that Petitioners are or may be liable, which is not admitted, and that the amount or value of their interest in the M/V YOCHOW is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the sum represented herein, or later determined by the Court or agreed by the parties, saving to all such claimants any rights of priority they may have.

## VII.

## ACTION IS TIMELY FILED

11.    Not more than six (6) months have passed since the date of the incident on June 13, 2018.

## VIII.

## LIMITATION FUND

12.    The value of Petitioners' interests in the M/V YOCHOW following the above described incident and voyage does not exceed NINETEEN MILLION TWO HUNDRED AND FIFTY THOUSAND AND NO/100 U.S. DOLLARS ($19,250,000.00), which is the amount of the bond currently on file in C.A. No. 4:18-cv-2046. The dollar amount for the bond came from a valuation report prepared on behalf of OSG's counsel. This value was used simply at the time as a

measure to get security in place so as to release the ship from arrest and attachment. It is not necessarily the amount of the limitation fund, as it does not take into account the repair costs for the M/V YOCHOW, for example.[4] Petitioners assert the value of the their interests in the M/V YOCHOW for limitation purposes is somewhat less than the bond currently on file, but they save this argument for another day.[5]

13. As is indicated above, Petitioners stand ready to provide security in the form of a bond in the principal sum of NINETEEN MILLION TWO HUNDRED AND FIFTY THOUSAND AND NO/100 U.S. DOLLARS ($19,250,000.00), together with interest, from the date the bond goes into effect, at a rate of six percent (6%) per annum, and costs. By separate motion, Petitioners ask this Court to approve their request that the Vessel Release Bond currently on file as Docket No. 34 in C.A. No. 4:18-cv-2046 be cancelled simultaneously with the filing of the Limitation Bond Action, in

---

[4] *See* Ex. 3 attached, which is a true and correct copy of an invoice in the amount of $322,594.00 for repairing the M/V YOCHOW after the incident. In addition to the attached invoice, the YOCHOW's starboard anchor requires repair in the amount of $15,330.00, according to the bid that is part of Ex. 3 attached. Based upon currently available information, the total costs to repair the YOCHOW after the incident are $337,924.00. The limitation fund consists of the value of the vessel and pending freight. Supplemental Admiralty Rule F(1). The value of the vessel is determined at the end of the voyage, or immediately after the incident. When the vessel is repairable, the value in most circumstances is the market value of the vessel as it then exists, less the cost to repair the ship. *Complaint of N. Am. Trailing Co.*, 763 F.Supp. 152, 154 (E.D. Va. 1991)(citations omitted).

[5] The value of the M/V YOCHOW for limitation purposes is the market value at the end of the voyage less repairs. *Id*. According to Vessels Value Ltd., the market value of the M/V YOCHOW on June 13, 2018, was $18,440,000.00. *See* Ex. 4 attached. Repairs as a result of the incident are $337,924.00. Market value less repairs equals $18,102,076.00. Pending freight in the amount of $543,949.99 must be added to the foregoing to get the total limitation fund. *See* Ex. 5. This number is $18,646,025.99. This limitation fund number is significantly less ($603,974.01) than the amount of the limitation fund that the Petitioners are willing to put into place because this is the amount of security previously provided. However, Petitioners expressly reserve all rights to have the fund reduced by the Court, as is allowed by Supplemental Admiralty Rule F(1).

accordance with the terms of the motion. Through the filing of the motion, Petitioners seek to exchange one bond for another, with no lapse in security, yet at the same time no duplication of security. Despite their willingness to provide replacement security, Petitioners do not waive their right to seek a reduction of the quantum of the Petitioners' interest in the ship at the end of the voyage, and thus the quantum of the security.

## IX.

## **PRAYER**

For the foregoing reasons, Petitioners pray that:

a. This Court issue an Order cancelling the Vessel Release Bond in C.A. No. 4:18-cv-2046, and ordering that a Limitation Bond be filed in this action simultaneously with the cancellation of the Vessel Release Bond, in accordance with the motion filed in conjunction with this Complaint;

b. This Court issue an Order directing (i) the issuance of a Notice to all persons who have or might have a claim resulting from the alleged incident or during the voyage on which the ship was engaged, citing them to file claims with the Clerk of this Court, and to serve copies of any such claims on the Petitioners' attorney on or before the time deadline fixed by this Court, or be forever barred and permanently enjoined from making of filing any such claims, (ii) to make proof of their claims before this Court, and (iii) to appear and answer the allegations in this Complaint;

c. This Court order publication of the aforementioned Notice in accordance with Supplemental Admiralty Rule F(4);

d. This Court issue an injunction restraining the commencement or further prosecution of all proceedings or actions, other than this one, against the Petitioners or their property,

underwriters, agents, employees or representatives, with respect to any claim arising out of or in connection with the incident or voyage, in accordance with Supplemental Admiralty Rule F(3);

  e.  After a trial, this Court enter an Order, if applicable, exonerating Petitioners and dismissing all claims with prejudice, with Claimants bearing all costs and attorney's fees, or in the alternative, a judgment that Petitioners are entitled to limit their liability to the value of their respective interests in the ship at the end of the voyage; and

  f.  This court order Petitioners be granted such other and further relief to which they may be entitled.

            Respectfully submitted,

          By: */s/ Richard L. Gorman*
            Richard L. Gorman
            State Bar No. 00784155
            Federal Bar No. 15685
            12335 Kingsride Ln. #354
            Houston, Texas 77024-4116
            Telephone: (832) 725-4026
            Facsimile: (713) 239-1020
            Email: rg@richardgormanlaw.com
            Attorney for Petitioners Grand Famous Shipping Ltd. and Beikun Shipping Tianjin Co., Ltd.

OF COUNSEL:

RICHARD GORMAN LAW