United States District Court
Southern District of Texas
**ENTERED**
September 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GRAND FAMOUS SHIPPING LTD. AND BEIKUN SHIPPING TIANJIN CO., LTD. AS OWNER AND OWNER *PRO HAC VICE* OF THE M/V YOCHOW FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY<br><br>　　　Plaintiffs, | <br><br><br><br><br><br>CIVIL ACTION NO. 4:18-CV-4678 |

- consolidated with -

| | |
|---|---|
| OSG 243 LLC and OVERSEAS SHIPHOLDING GROUP, INC.<br><br>　　　Plaintiffs,<br><br>VS.<br><br>M/V YOCHOW, her engines, tackle, apparel, etc., *in rem*, GRAND FAMOUS SHIPPING LTD.; and CHINA NAVIGATION CO PTE LTD, *in personam*<br><br>　　　Defendants. | <br><br><br><br><br>CIVIL ACTION NO. 4:18-CV-2046 |

## ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO INTEREST

Pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, the Court submits the following additional Findings of Fact and Conclusions of Law as to prejudgment and post-judgment interest.

### I.　　BACKGROUND

At approximately 2:50 a.m. on June 13, 2018, the M/V YOCHOW ("the YOCHOW"), an inbound bulk cargo vessel traversing the Houston Ship Channel, allided with an ocean-going

1

barge, the OSG 243, which was moored to TPC Group LLC's A Dock ("the A Dock"), causing damage to both the barge and the dock. This case arises out of that collision.

Limitation Petitioners are Grand Famous Shipping Ltd. ("Grand Famous") and Beikun Shipping Tianjin Co., Ltd. ("Beikun"). Grand Famous is the registered owner of the YOCHOW. Beikun is a ship management company. The YOCHOW's crew was supplied and managed by Beikun.

Claimants are (1) OSG 243 LLC and Overseas Ship Management, Inc. (collectively "OSG"), (2) TPC Group LLC and certain interested underwriters (collectively "TPC"), and (3) the Port Authority of Houston ("POHA"). OSG owns and operates the tug and barge unit OSG INDEPENDENCE and OSG 243. TPC is the exclusive lessee and operator of two docks: the A Dock, a primary dock capable of servicing ocean-going vessels, and the B Dock, a smaller dock capable of servicing non-ocean-going barges. POHA owns both docks and leases them to TPC.

This case proceeded to a bench trial which commenced on November 13, 2023, and concluded on November 28, 2023. On August 1, 2024, the Court issued its Findings of Fact and Conclusions of Law. ECF No. 367. The Court found that OSG was entitled to damages in the amount of $3,600,000 plus any prejudgment and post-judgment interest the Court awarded following the supplemental briefing period and that TPC was entitled to damages in the amount of $9,068,718 plus any prejudgment and post-judgment interest the Court awarded following the supplemental briefing period. *Id.* at 82. The Court also found that POHA was entitled to $0 in damages. *Id.*

The Court left undecided the rate and calculation of prejudgment and post-judgment interest. It requested further briefing on the issue of recoverable interest. *Id.* TPC, OSG, and

Limitation Petitioners submitted supplemental briefing on prejudgment and post-judgment interest. ECF No. 369, 370, and 371.

Having considered the Parties' briefing and the applicable law, the Court finds and holds that prejudgment interest shall be set at a rate of 5.36% and post-judgment interest shall be set at a rate of 3.95%.

## II.     LEGAL ISSUES

### A.  Prejudgment Interest

"[A]n award for prejudgment interest in actions under the general maritime law is the rule rather than the exception; prejudgment interest must be awarded unless unusual circumstances make an award inequitable." *Ryan Walsh Stevedoring Co. v. James Marine Servs., Inc.*, 792 F.2d 489, 492 (5th Cir. 1986). "In admiralty cases, prejudgment interest is not awarded as a penalty but as compensation for use of funds by the defendant to which the plaintiff is entitled." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 753 (5th Cir. 1985).

The Court has broad discretion in setting the appropriate prejudgment interest rate in an admiralty case. *Marine Overseas Servs., Inc. v. Crossocean Shipping Co.*, 791 F.2d 1227, 1236 (5th Cir. 1986). Courts may look to "state law or other reasonable guideposts indicating a fair level of compensation." *Id*. Such guideposts include the prejudgment interest rate of the state in which the court sits, the rate established by 28 U.S.C. § 1961, or the injured party's cost of borrowing. *See, e.g.*, *Randolph v. Laeisz*, 896 F.2d 964, 969 (5th Cir. 1990); *Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1029 (5th Cir. 1986); *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel, Her Cargo, Apparel, Tackle, & Furniture, in a Cause of Salvage, Civil & Mar.*, 695 F.2d 893, 907 (5th Cir. 1983). However, the Court is not required to use any particular interest rate. *See Platoro*, 695 F.2d at 907 ("We cannot . . . instruct the district court to use any particular

rate; the decision in the first instance must lie with the district court after it evaluates the circumstances of the case.").

TPC and OSG both propose that the Court set the prejudgment interest rate based on the average Federal Reserve prime rate during the prejudgment period. ECF No. 369 at 3; ECF No. 370 at 3. Limitation Petitioners argue that TPC is not entitled to prejudgment interest. ECF No. 371 at 3-4. Limitation Petitioners argue that, in the alternative to denying TPC prejudgment interest, the Court should award TPC and OSG prejudgment interest at the average post-judgment interest rate during the prejudgment period. *Id.* at 5-6.

The Court will award prejudgment interest to OSG and TPC. The purpose of prejudgment interest is "compensation for the use of funds to which the claimant was rightfully entitled." *Marine Overseas*, 791 F.2d at 1236. The Court finds that setting the interest rate based on the approximate cost of borrowing, taken from the Federal Reserve prime rate, best accomplishes the purpose of prejudgment interest. *See Maya Special Mar. Enter. v. Crochet,* No. 4:13-CV-01871, at *2 (S.D. Tex. Sept. 22, 2016). The Court therefore finds the appropriate prejudgment interest rate is 5.36% based on the average Federal Reserve prime rate during the majority of the prejudgment period.[1]

The rule in admiralty cases is that "interest on damages should be allowed uniformly from the date of loss, unless for good reasons it is determined otherwise." *Esso Int'l, Inc. v. S.S. CAPTAIN JOHN*, 443 F.2d 1144, 1151 (5th Cir. 1971). Prejudgment interest on TPC's $9,068,718 damages will begin to run on June 13, 2018, the date of the allision. Prejudgment interest on OSG's $2,533,340 in physical damages will begin to run on June 13, 2018, and

---

[1] *See Federal Reserve,* "H. 15 Selected Interest Rates," http://www.federalreserve.gov/releases/h15/current/; *Federal Reserve,* "Selected Interest Rates, Historical Data," http://www.federalreserve.gov/releases/h15/data.htm.

4

prejudgment interest on OSG's $1,066,660 in loss-of-hire damages will begin to run on August 16, 2018.

"As a general rule prejudgment interest awards are simple interest awards, not compound interest." *Perez v. Bruister*, 823 F.3d 250, 276 n.34 (5th Cir. 2016), citing *Whitfield v. Lindemann*, 853 F.3d 1298, 1306 (5th Cir. 1988). Therefore, prejudgment interest will be calculated on a simple interest basis.

### B. Post-judgment Interest

Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961. The interest rate for the week of September 20, 2024, the week preceding the judgment, is 3.95%.[2] The Court therefore finds that TPC and OSG are entitled to post-judgment interest at a 3.95% rate, to be compounded annually.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that (1) TPC will be awarded prejudgment interest at the rate of 5.36%, calculated on a simple basis, beginning from June 13, 2018; (2) OSG will be awarded prejudgment interest at the rate of 5.36%, calculated on a simple basis, beginning from June 13, 2018 on physical damages and beginning from August 16, 2018 on loss-of-hire damages; and (3) TPC and OSG will be awarded post-judgment interest at the rate of 3.95%, compounded annually, beginning from September 24, 2024, the date judgment is entered.

---

[2] *See* http://www.txs.uscourts.gov/page/post-judgment-interest-rates. The Court's Memorandum and Order entered on August 1, 2024 is not a final judgment. *See* Fed. R. Civ. P. 58(a); *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002) (holding judgment is only effective when set forth in a separate document). The Court uses the interest rate from the week before it releases its final judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 24th day of September, 2024.

                                                                                                   _____
                                                                                                   KEITH P. ELLISON
                                                                                                   UNITED STATES DISTRICT JUDGE